Filed 8/11/21  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RICHARD GARCIA III,<br><br>     Defendant and Appellant. | E074990<br><br>(Super.Ct.No. SWF1401505)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge. Affirmed.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski, Mary K. Strickland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

On remand from this court, the superior court declined to strike defendant and appellant's, Richard Garcia III, Penal Code section 667, subdivision (a)(1),[1] five-year prior serious felony conviction enhancement. Defendant contends the superior court erred in declining to strike the enhancement. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was living with his girlfriend, who had four children. Defendant said that victim 1, his girlfriend's three-year-old son, would not go to sleep, so defendant "smacked him." Defendant admitted kicking victim 1 "'really hard.'" Defendant then carried victim 1 by the neck, punched him in the face repeatedly, and slammed his head into a wall.

Defendant told his girlfriend that victim 1 was bleeding, and he was going to take victim 1 to the hospital. Victim 1 had blood all over his face. Defendant's girlfriend asked her 10-year-old son, victim 2, to call the police, but defendant took away the phone. Defendant grabbed his girlfriend around the neck and pushed her into a wall. Defendant told her not to call the police or he would kill her.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] As we did in the opinions from defendant's prior appeal (*People v. Garcia* (Mar. 4, 2019, E068394) [nonpub. opn.]), on remand from the California Supreme Court, and as the parties do in the instant case in their briefs, we derive the facts from the preliminary hearing.

Defendant took victim 1 to his girlfriend's car. Police arrived and gave multiple instructions for defendant to stop. Defendant drove off at a high rate of speed. Defendant drove up a short embankment and collided with a light pole. Defendant's girlfriend informed police that she had sustained a black eye when defendant punched her two weeks earlier.

Victim 1 was admitted to the pediatric intensive care unit. "He had multiple bruises to his face, both sides of his cheek, his forehead. He had a laceration to his tongue." "He suffered a brain bleed [a frontal lobe subarachnoid hemorrhage] during [his] first stay at the hospital. He was released in less than 24 hours, and . . . returned because he . . . was suffering from what [the doctor] described as hemiparesis, which is . . . . paralysis to half—one side of the body, which was sustained after he had a stroke when he was released." Victim 1 stayed in the hospital upon his return for more than a month. His doctor opined his injuries were sustained from multiple instances of blunt force trauma.

The People charged defendant by felony information with attempted murder (§§ 664, 187, subd. (a), count 1 [victim 1]), torture (§ 206, count 2 [victim 1]), kidnapping (§ 207, subd. (a), count 3 [victim 1]), child abuse resulting in great bodily harm (§ 273a, subd. (a), count 4 [victim 1]), two counts of false imprisonment (§ 236, counts 5 & 10 [victim 1 & defendant's girlfriend]), two counts of inflicting corporal injury upon a spouse, resulting in a traumatic condition (§ 273.5, subd. (f)(1), counts 6 & 7 [defendant's girlfriend]), intimidation of a witness by force or threat of force (§ 136.1, subd. (c)(1), count 8 [defendant's girlfriend]), carjacking (§ 215, subd. (a), count 9

3

[defendant's girlfriend]), and three counts of misdemeanor infliction of great bodily harm on a child (§ 273a, subd. (b), counts 11-13 [victims 1, 2, & 3]). The People further alleged defendant, in his commission of counts 1 and 4, had inflicted great bodily injury on a child under the age of five years. (§§ 12022.7, subd. (d), 1192.7, subd. (c)(8).) The People additionally alleged defendant had suffered a prior serious felony conviction (§ 667, subd. (a)) and prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).[3]

Pursuant to a negotiated plea, defendant pled guilty to kidnapping (§ 207, subd. (a), count 3), child abuse resulting in great bodily injury (§§ 273a, subd. (a), 12022.7, subd. (d), 1192.7, subd. (c)(8), count 4), inflicting corporal injury upon a spouse, resulting in a traumatic condition (§ 273.5, subd. (f)(1), count 6), and inflicting great bodily harm on a child (§ 273a, subd. (b), counts 11-13). He also admitted he had a prior serious felony conviction (§ 667, subd. (a)) and a prior strike conviction (§§ 1170.12, subd. (c)(1), 667, subds. (c), (e)(1)).[4] (*People v. Garcia*, *supra*, E068394.) The court dismissed the remaining counts and allegation upon the People's motion. (*Ibid*.)

---

[3] Both prior offense enhancement allegations derived from a December 9, 2003, conviction for felony criminal threats. (§ 422.)

[4] Defendant contemporaneously entered guilty pleas in two other cases; in one, defendant pled guilty to assault with a deadly weapon (§ 245) and admitted he committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)) and that in his commission of the offense he inflicted great bodily injury (§ 12022.7); in the second, defendant pled guilty to driving under the influence of drugs or alcohol.

After entering his plea, defendant submitted two letters addressed to the court in which he requested leniency due to his past drinking problems and his enrollment in, and substantive degree of completion of, several recovery programs. Defense counsel later filed a motion to withdraw the plea, which the court denied. As provided in the plea agreement, the court sentenced defendant to an aggregate term of 21 years of incarceration.

Defendant appealed, contending the superior court abused its discretion in denying his motion to withdraw the plea. (*People v. Garcia*, *supra*, E068394.) In our initial opinion, we affirmed the judgment. (*Ibid*.) However, on remand from the California Supreme Court, we vacated our decision and remanded the matter to allow the court to exercise its discretion whether to the strike the prior serious felony conviction enhancement. (*Ibid*.)

On remand, the superior court asked the People if they were requesting the court to consider the underlying facts of the allegations in the case and defendant's actions. The People responded that they were. Defense counsel invited the court to review the probation report "to find out that [defendant] has had some problems with growing up in his childhood and in doing all this." The court responded, "I did not see a probation officer's report filed in this case."[5]

---

[5] That is because no probation report was prepared in this case.

The court noted it had observed letters from the defendant and the motion to withdraw the plea in a search of the court records. Defense counsel then asked the court to consider "any other mitigating factors that may have been included in the letters and in the motions that I have filed with regards to withdrawing the plea."

The court noted that the People made "an important point in that this was a negotiated plea between the parties, and the defendant was looking at life in prison if he decided to exercise his right to a jury trial, and if the jury had found him guilty of all counts, including Count 1 [(attempted murder)], which was a life top, he would be spending the rest of his life in prison with a significant minimum mandatory time as well, much above 21 years."

The court further noted, "the underlying offenses in the case are not just [serious felonies] at the bare minimum, but there was significant violence in these cases . . . against multiple victims. The Court considers [defendant] a danger to society and undeserving of the Court exercising its discretion to strike the nickel prior because of his continuing acts of violence and the number of acts of domestic violence and child abuse in the case, the current case. Therefore, the Court declines to exercise its discretion to modify . . . the plea bargain entered into between the parties."

## II. DISCUSSION

Defendant contends the court abused its discretion by declining to strike his prior serious felony enhancement. He maintains the court erred in focusing on only one factor, the facts of the instant case. Defendant asserts that the temporal remoteness of the conviction giving rise to the enhancement, his purported youth when he committed the

6

instant offense (29 years old), the paucity of his criminal record, his drinking problems, his expressed remorse, and his enrollment in recovery programs militated in favor of granting the motion.  We disagree.

"A trial court . . . has discretion to strike a five-year enhancement for a prior serious felony conviction under section 667, subdivision (a)(1) when it is in furtherance of justice.  [Citations.]  Case law and legislative history indicate that courts 'must evaluate the nature of the offense and the offender in deciding whether to strike a nickel prior [i.e., a five-year enhancement for a prior serious felony].'  [Citation.]  As with our review of a decision on a motion to strike a prior strike, '[w]e review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion.'"  (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637-638.)  "In the absence of evidence to the contrary, we presume that the trial court considered all of the relevant factors and properly applied the law."  (*Id.* at pp. 638-639 ["The trial court's comment that it was basing its sentencing decision 'upon the facts of the case and what I perceive to be the appropriate punishment' does not provide evidence that the trial court failed to consider all of the relevant factors and, instead, focused only on the goal of punishing" the defendant.].)

The court's expressed reasons for denying the request to strike the enhancement amply support its exercise of discretion.  As the court expressly noted, defendant had engaged in "significant violence . . . against multiple victims."  Defendant smacked, kicked, repeatedly punched, and slammed the then three-year-old victim 1's head into a wall.  In addition to bruising and lacerations, victim 1 suffered frontal lobe paralysis to

half his body.  Victim 1 ended up in the hospital for over a month.  Defendant also punched his girlfriend, causing her to sustain a black eye.  The court's conclusion that defendant was "a danger to society . . . because of his continuing acts of violence and the number of acts of domestic violence and child abuse in the case" finds ample support in the record as noted *ante*.

As the court additionally noted, defendant was facing life imprisonment if he took the matter to trial.  By entering into the negotiated disposition, defendant limited his exposure to a determinate term of imprisonment.  The court acted within its discretion in denying defendant's motion to strike the prior serious felony conviction enhancement.

The court's comments about the seriousness of the offenses "does not provide evidence that the trial court failed to consider all of the relevant factors and, instead, focused only on the goal of punishing [defendant]." (*People v. Brugman*, *supra*, 62 Cal.App.5th at p. 639.)  Indeed, the court expressly noted, without being so requested by defense counsel, that it had observed defendant's letters and the motion to withdraw the plea.  Thus, "we reject [defendant's] contention that the trial court abused its discretion by failing to conduct a proper analysis of the factors and evidence relevant to whether it should strike [defendant's] prior . . . serious felony enhancement." (*Brugman*, at p. 639.)  To the extent the court did not explicitly focus on the purportedly mitigating factors identified by appellate counsel, this was largely because counsel below failed to specifically identify them and failed to support them with evidence.  We note that counsel below erroneously referred the court to a nonexistent probation report.

Appellate counsel argues that the fact the People did not allege additional prior conviction enhancements, other than his December 9, 2003, conviction for criminal threats, reflects that defendant's criminal history was limited; of course, that is not the only reason the People may not have alleged other prior criminal convictions. The People could have exercised their discretion not to do so for any number of valid reasons. Indeed, as appellate counsel points out, the People initially charged defendant in the complaint with a prior prison term allegation (Pen. Code, § 667.5, subd. (b)) deriving from defendant's conviction on March 17, 2004, for possession of controlled substances (Health & Saf. Code, § 11377, subd. (a)). However, the People did not allege that prior conviction in the information. We simply have no record here to show of what defendant's entire criminal history consisted.

Moreover, we do know that at the time defendant entered the current plea, he contemporaneously pled guilty in two other cases: in one, to assault by force likely to inflict great bodily injury, with an admission that he committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (Pen. Code, §§ 245, subd. (a)(4), 186.22, subd. (b)(1)(a)); in the second, defendant pled guilty to driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)). Thus, defendant's record is not as "limited," as appellate counsel would have us believe. The superior court acted within its discretion in denying defendant's motion to strike the prior conviction enhancement.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>McKINSTER</u>
                                        Acting P. J.

We concur:


<u>SLOUGH</u>
                    J.



<u>FIELDS</u>
                    J.